UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMARIO MOORE,<br><br>        Plaintiff,<br><br>     v.<br><br>CATHERINE FONTECHA, et al.,<br><br>        Defendants. | No. 2:16-cv-2138 CKD P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983 and California law. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. § 636(c).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his complaint, plaintiff alleges that in December of 2015, while he was having hernia surgery at the San Joaquin County General Hospital, defendant Dr. Fontecha cut one of plaintiff's femoral arteries causing the surgery to be aborted. Plaintiff alleges that he has suffered "painful symptoms" as a result of the fact that his hernia surgery was never completed.

Medical care amounting to cruel and unusual punishment violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation of the Eighth Amendment occurs when a prisoner suffers an injury as a result of a defendant being at least deliberately indifferent to a prisoner's serious medical needs. Id. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998).

The allegations in plaintiff's complaint concerning defendant Fontecha amount to, at best, negligence rather than deliberate indifference to serious medical needs as there are no allegations

suggesting defendant Fontecha intentionally cut plaintiff's femoral artery and no allegations that Fontecha was involved in plaintiff's care after the aborted surgery.

Plaintiff identifies the San Joaquin County General Hospital as a defendant in his complaint. A municipality, or a department thereof, can be liable under § 1983 when an injury occurs pursuant to execution of a custom or policy of the municipality. Monell v. Dep't of Soc. Services of N.Y.C., 436 U.S. 658, 694 (1978). Plaintiff fails to allege any facts which reasonably suggest it was a specific policy or custom of the San Joaquin County General Hospital that caused him injury.

Finally, plaintiff identifies C. Smith, "Chief Physician and Surgeon for [the California Department of Corrections and Rehabilitation]" as a defendant. However, plaintiff fails to allege Smith had any actual involvement in any matters causing plaintiff injury. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Vague and conclusory allegations of official participation in civil rights violations such as plaintiff's allegations against defendant Smith are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

For all the foregoing reasons, plaintiff's complaint fails to state a claim upon which plaintiff may proceed in this court and must be dismissed.[1] The court will grant plaintiff leave to file an amended complaint so that he may attempt to cure the deficiencies in his pleadings.

In addition to the information provided to plaintiff above, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended

---

[1] In his complaint, plaintiff raises a number of claims which arise under California law. The court does not have jurisdiction over claims arising under California law unless they are related to claims over which this court does have jurisdiction such as claims arising under federal law. See 28 U.S.C. § 1367. If plaintiff states a claim in his amended complaint upon which relief can be granted under federal law, the court will then screen plaintiff's claims arising under California law.

3

complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 6, 2017

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
moor2138.14